The opinion of the Court, by
Hornblower, C. J.
The doctrine contended for by the counsel for the defendant, would sweep from the jurisdiction of the State Courts, a very large portion of offences against the laws of the state. Selling ardent spirits without license, keeping disorderly houses, gambling, riots, nuisances; larcenies committed at fires; selling unwholesome meats in market, and a variety of other crimes, if committed within the city of Newark, and some other incorporated towns in this state, would cease to be indictable and punishable in our state courts. Such a result must not be reached by any doubtful construction. It involves a question of too serious import to the sovereignty of the state, and the peace and well being of the community at large, to be settled upon technical principles, or to be deduced by mere implication of law. It is true, in Perrine v. Vannote, 1 South. 146, *7 it was strongly intimated by Chief Justice Kirkpatrick, and afterwards decided by this Court, in Buckallew v. Ackerman, 3 Halst. R. 48, that the act of 1804, making the sale of ardent spirits, without a license, an indictable offence, was by implication of law, a repeal of the pre existing act, by which a penalty of ten dollars, was imposed on any person selling such liquor without license. The court in coming to that decision, proceeded upon the maxim, ‘ leges posteriores priores contrarias abrogant Dr. Foster’s case, 11 Co. 56; but the application of that maxim to this caso, whether appropriately made to the one just mentioned, or not, would not help the defendant; for it so happens, that the charter of the city of .Newark, was passed in 1836, and the act under which the defendant is indicted, was passed in 1838, and the principle carried out, would by implication, repeal so much of the charter, as gives to the city authorities the power to regulate the sale of liquors, and to punish infractions of such regulations, within the city bounds. But the case is clear of any such difficulty or question: the two statutes may well stand together, and it is sufficient in this case to say, that if the defendant had taken out a license under the Common Council, to sell ardent spirits by the small measure, he could not have been indicted : but if “ without license for that purpose first had and obtained ” from some authority legally competent, to grant such license, he did sell ardent spirits by the small measure, then he violated the act of Assembly, Elm. Dig. 249, sec. 5, and was liable to be indicted. Whether he may also be proceeded against by the city authorities, for selling this liquor, within the city bounds, contrary to their ordinance, is a question we need not now discuss or determine.
The opinion of this court therefore is, and they so advise the court of Oyer and Terminer of the county of Essex, that the defendant is liable to indictment and conviction for the offence charged against him; and that they ought, upon his plea of guilty, to proceed to judgment according to law.

The Oyer and Terminer advised to proceed to judgment &c. against the defendant.